# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SPENGLER,<br><br>    Petitioner,<br><br>    v.<br><br>L.A. COUNTY D.A. OFFICE,<br><br>    Respondent. | Case No. CV 20-4723-DOC (SP)<br><br>MEMORANDUM AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

## I.
## INTRODUCTION

On May 27, 2020, petitioner Michael Spengler, an inmate at the Twin Towers Correctional Facility ("TTCF"), filed a "Pre-Trial" Petition for Writ of Habeas Corpus ("Petition"). Petitioner is a pretrial detainee, and claims he faces irreparable injury because he is being retried in violation of the Double Jeopardy Clause. With the Petition, petitioner seeks a stay of his state criminal case to allow this Court time to intervene in the state criminal case.

For the reasons that follow, the Court finds the instant Petition is improperly successive, and indeed raises a claim this Court has twice previously dismissed


with prejudice.  Accordingly, the Petition will be summarily dismissed.

## II.

## BACKGROUND

This is not petitioner's first attempt to convince this Court to intervene in his state criminal proceedings.  He has done so in numerous other cases, including by way of civil rights complaints (case numbers CV 17-450-DOC (SP), CV 17-3078-DOC (SP), CV 17-4100-DOC (SP), CV 17-6552-DOC (SP), CV 18-97-RGK (JPR), CV 17-2078-DOC (SP), CV 17-8665-DOC (SP), CV 17-7510-DOC(SP), CV 18-91-DOC (SP)), and in three other habeas petitions (case numbers CV 17-884-DOC (SP), CV 19-8259-DOC (SP), CV 20-356-DOC (SP)).  The Court has denied all such efforts, repeatedly finding and advising petitioner that, inter alia, the Court must abstain from interfering with the pending state criminal case under the *Younger* Abstention Doctrine.  *See Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).

In the instant Petition, petitioner again seeks this Court's assistance with his pending state criminal case.  He once again alleges the prosecution's re-use of evidence that was used against petitioner's co-defendant in a previous trial, in which the co-defendant was acquitted, violates his right against double jeopardy since petitioner is being retried as an aider and abettor to the acquitted principal. Petitioner also again argues he faces irreparable injury because he is being retried in violation of the Double Jeopardy Clause, and as such the *Younger* Abstention Doctrine is inapplicable.  He again asks this Court to stay his state criminal case and intervene to protect his federal rights.

## III.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases authorizes the Court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and

any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4 also authorizes dismissals on procedural grounds. *See* 28 U.S.C. foll. § 2254, Rule 4 Advisory Committee Note (1976); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989). Here, the Petition must be dismissed because, as discussed below, it is impermissibly second or successive.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally precludes second or successive habeas petitions unless certain requirements are met, and unconditionally requires dismissal of successive petitions presenting previously raised claims. Section 2244(b) provides, in relevant part,

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty

       of the underlying offense.

    (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

    Here, the sole claim raised in the instant Petition – that the prosecution's re-use of evidence that was used against petitioner's co-defendant in a previous trial, in which the co-defendant was acquitted, violates petitioner's right against double jeopardy since he is being retried as an aider and abettor to the acquitted principal – is identical to the claim he raised in two previous federal habeas petitions, both of which this Court dismissed with prejudice. *See* Petition at 5, 14-16; case no. CV 20-356-DOC (SP), docket no. 4; case no. CV 19-8259-DOC (SP), docket no. 17. The Court dismissed petitioner's two previous federal habeas petitions on the ground that petitioner failed to raise a colorable double jeopardy claim, since he may be tried as an aider and abettor even though the principal he was alleged to have aided was acquitted of the charged offense. *See Standefer v. U.S.*, 447 U.S. 10, 22 n.16, 100 S. Ct. 1999, 64 L. Ed. 2d 689 (1980). The Supreme Court has specifically stated: "If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases." *Tyler v. Cain*, 533 U.S. 656, 661, 121 S. Ct. 2478, 150 L. Ed. 2d 632 (2001) (citing 28 U.S.C. § 2244(b)(1)). Because petitioner seeks to again raise a claim already dismissed by this Court, this claim must be dismissed under 28 U.S.C. § 2244(b)(1).

    In addition, even if the claim in the Petition could be construed as different from the claims petitioner raised previously, the Petition still must be dismissed under 28 U.S.C. § 2244(b)(3)(A) because petitioner has not obtained permission

from the Ninth Circuit to file a second or successive petition. AEDPA requires that a prisoner who wishes to file a second or successive habeas petition first "'move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" *Burton v. Stewart*, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (quoting 28 U.S.C. § 2244(b)(3)(A)); *see Gonzalez v. Crosby*, 545 U.S. 524, 530, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005) ("[B]efore the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet" section 2244(b).). A district court lacks jurisdiction to review the second or successive petition in the absence of authorization from the appropriate court of appeals. *Cunningham v. Davis*, 614 Fed. Appx. 922, 925 (9th Cir. 2015); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001). There is no indication petitioner has received permission from the Ninth Circuit to file this Petition. Because the Petition is plainly second or successive, the Court must "dismiss[] it in its entirety because [petitioner] failed to obtain the requisite authorization from the Court of Appeals." *See Magwood v. Patterson*, 561 U.S. 320, 331, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010).

//
//
//

## IV.
## **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment be entered summarily dismissing the Petition and this action with prejudice.

DATED: June 23, 2020

_____
HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE